16-2017-CA-006902-XXXX-MA
CV-C

Filing # 63903210 E-Filed 11/07/2017 06:42:55 PM

# IN AND FOR THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

GARRY HERVEY,

    Plaintiff,

Case No.:

SUDDATH VAN LINES,
INC., a Florida Profit
Corporation,

    Defendant.

_____

## COMPLAINT FOR DAMAGES AND JURY TRIAL

COMES NOW the Plaintiff, GARRY HERVEY, via undersigned counsel, and hereby files this Complaint against Defendant for damages, demanding jury trial, and in support thereof, states:

## JURISDICTION

1. Jurisdiction in this Court is proper as the operative facts supporting the claims herein occurred within the Fourth Judicial Circuit of Florida.

2. Jurisdiction in this Court is proper as the Plaintiff seeks redress under Florida statutory law and Florida common law.

3. Further Jurisdiction in this Court is proper as the Plaintiff seeks damages in excess of $15,000.00, exclusive of reasonable attorney's fees, prejudgment interest, and costs.

4. This Court has supplemental jurisdiction over the federal claims herein.

ACCEPTED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 11/08/2017 09:05:47 AM

## THE PARTIES

5. The Plaintiff is a natural person and resides in Duval County, Florida. At all times material hereto, the Plaintiff was an employee of the Defendant.

6. The Defendant is a Florida corporation, headquartered in Duval County and operating globe-wide as a corporate and private moving company.

## ALLEGATIONS COMMON TO ALL COUNTS

7. The Plaintiff is an African American and a member of a state and federally protected class.

8. The Plaintiff began his employment with Defendant on or about June 17, 2014, as a Transportation Specialist, in the Jacksonville office.

9. As the Plaintiff proved himself at the job, he began experiencing disparate treatment by Defendant's management visa vi his Caucasian counterparts.

10. After outstanding performance, in and around 2016, the Plaintiff sought promotions within the Defendant's company, but was overlooked for less qualified Caucasians.

11. In January 2017, the Plaintiff was promoted to the position of LDD Planner (Agent Load Planner), with the Long-Distance Dispatch Division. The Plaintiff's direct manager was Michael Brenholt, a Caucasian male.

12. The Plaintiff was one (1) of ultimately three (3) employed by the Defendant in that position and the only African American.

13. Thereafter, less qualified Caucasian counterpart, James Corey Holmes, was hired.

14. Plaintiff was required to train another less qualified Caucasian counterpart, Corey Holmes for the position, although Plaintiff did not receive the same inter-office training.

15. Additionally, in and around July 2017, the Plaintiff sought bereavement leave to attend a funeral on a Saturday with his family for close uncle. However, Defendant's manager Brenholt informed Plaintiff that he could not attend the weekend funeral and that he would have to work that day or face an unexcused absence and discipline. As a result, the Plaintiff

    did not attend the funeral and was only allowed a one (I) hour reprieve the Friday before to assist in the wake.

16. In and around August 2017, the Plaintiff was falsely accused by Defendant's managers of being at fault related a military shipment.

17. Throughout his employment with Defendant, Plaintiff was consistently paid less than his less qualified Caucasian counterparts.

18. On October 19, 2017, the Plaintiff was terminated under the pretextual excuse, offered by Defendant, HR Director Tiffany Holmes and the direct manager Brenholt, that Defendant was undergoing a reorganization.

19. However, the Plaintiff was the only employee from the unit terminated as a result of the "reorganization." For the final time, the Plaintiff was treated worse by the Defendant based upon race.

### COUNT I - VIOLATION OF FLORIDA'S DECEPTIVE TRADE ACT

20. The Plaintiff hereby incorporates paragraphs I through 19 as if fully set forth herein.
21. This is an action pursuant to Florida Statute 501.204 (2017).
22. The actions of Defendant, detailed above, amount to unconscionable acts or practices in the conduct of any trade or commerce and thereby violate the Act.
23. The Plaintiff has been directly and proximately damaged by the Defendant's conduct.

24. The Plaintiff has satisfied all conditions prerequisite or such have been waived.

WHEREFORE the Plaintiff demands judgment for pain and suffering, lost wages, future lost wages, other compensatory and pecuniary damages, reasonable attorney's fees and costs, along with pre and post judgment interest.

## COUNT II - FAILURE TO SUPERVISE

25. The Plaintiff hereby incorporates paragraphs 1 through 19 as if fully set forth herein.

26. As an employer, the Defendant owed a duty to Plaintiff to properly supervise its employees, namely Michael Brenholt, Roy Hines (Caucasian male), and Tiffany Holmes (Caucasian female) in the workplace.

27. However, Defendant breached its duty and, as a direct and proximate result, the Defendant was damaged.

28. The Plaintiff has satisfied all conditions prerequisite or such have been waived.

**WHEREFORE** the Plaintiff demands judgment for pain and suffering, lost wages, future lost wages, other compensatory and pecuniary damages, reasonable costs, along with pre and post judgment interest.

## COUNT III - VIOLATION OF TITLE 42 SECTION 1981

29. The Plaintiff hereby incorporates paragraphs 1 through 19 as if fully set forth herein.

30. The Plaintiff, an African-American, brings this action to redress the injury caused to him by the deprivation of his rights and privileges as secured by the Constitution and laws of these United States as a result of the intentional acts of the Defendant of racial discrimination in the workplace.

31. Plaintiff was employed at Defendant's business from June 17, 2014 and terminated effective October 19, 2017.

32. The Defendant's acts, described above and fully incorporated herein violate 42 United States Code, Section 1981, provisions against racial discrimination and retaliation in the workplace.

33. In and around August 2017, Plaintiff complained to Defendant's management about being treated poorly visa vi his white counterparts. As a result, the defendant retaliated against the Plaintiff, Defendant retaliated against the Plaintiff by subjecting Plaintiff to unfair and disparate treatment in the workplace and ultimately terminating his employment under false pretenses.

34. The intentional, malicious, reckless and willful acts by Defendant, are the direct and proximate cause of Plaintiffs damages.

**WHEREFORE** the Plaintiff prays that this the Court enter judgment in his favor and against the Defendant and award damages, including front and back pay, compensatory and collateral damages, attorney fees, and reasonable costs under Section 1981, and any other relief deemed reasonable and necessary by the Court.

### COUNT IV - VIOLATION OF FLSA OVERTIME PROVISIONS

35. The Plaintiff hereby incorporates paragraphs 1 through 19 as if fully set forth herein.

36. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of 6 and of the ELSA.

37. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

38. At all times hereto, Defendant was the "employer" within the meaning of FLSA.

39. Defendant was and continues to be an "employer" within the meaning of FLSA.

40. At all times material hereto, Defendant was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

41. At all times material hereto, Defendant was and continues to be an enterprise engaged in ‹'production of goods for commerce," within the meaning of the FLSA.

5

42. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant rime periods.

43. At all times relevant hereto, Defendant was primarily engaged in operating among other things, a car dealership.

44. At all times relevant hereto, Defendant had more than two employees.

45. At al time material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on the vehicles that had been moved in or produced for commerce.

46. At all timers hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FSLA.

47. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

48. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

49. During the relevant limitation period, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiffs regular rate for all hours worked in excess of forty (40) hours in a single work week.

50. Throughout the duration of Plaintiffs employment, Plaintiff was required to complete carious non-exempt duties as load scheduling, and booking trucks.

51. Plaintiff was also required to be on 24 hour call, and required to possess a company cellular telephone during those weeks and weekends; and required to report to work on certain weekends, all without pay.

52. Plaintiff should have been compensation at the rate of one and one-half times Plaintiffs regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

53. Defendant has violated Title 29 U.S.C. \207 in that:
    a. Plaintiff worked in excess of forty (40) hours per week for his period of employment with Defendant;
    b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FSLA; and
    c. Defendant failed to maintain proper time records as mandated by the FLSA.

54. Plaintiff has retained the law firm of Law Office of Earl Johnson Jr., LLC to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

55. Defendant's action were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiffs regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was and is due.

56. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

57. Due to intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

58. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C.

§216(b).

59. At all times material hereto, Defendant dialed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. "516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and half for their overtime hours.

60. At all times material hereto Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. "516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than rime and a half for their overtime hours.

61. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more work weeks because Defendant failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and half their regular rate of pay for such hours.

    **WHEREFORE** Plaintiff respectfully request that judgment be entered against Defendant for:

    a. Declaring, pursuant to 29 U.S.C. "2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provision of FLSA; b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff s time worked in excess of forty (40) hours per work week:

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expense of the litigation pursuant to 29 U.S.C. S216(b);

    e. Awarding Plaintiff pre-judgment interest; and

    f. Ordering any other further relief the court deems just and proper.

### COUNT V- VIOLATION OF FLORIDA STATUTES 448.110 FAILURE TO PAY OVERTIME COMPENSATION

62. Plaintiff re-alleges and re-avers paragraphs 1-19 and 35-60 of the Complaint, as if fully set forth herein.

63. Throughout the duration of Plaintiff's employment, Plaintiff was required to complete carious non-exempt duties as load scheduling, and booking trucks.

64. Plaintiff was also required to be on 24 hour call, and required to possess a company cellular telephone during those weeks and weekends; and required to report to work on certain weekends, all without pay.

65. Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiffs regular rate of pay.

66. Plaintiff was, and is entitled to be paid at the statutory rate of one and one- half times Plaintiffs regular rate of pay for those hours worked in excess of forty (40) hours.

67. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by Florida Statutes 448.110.

68. Defendant actions were willful and/or showed reckless disregard for the provisions of the Florida Statutes 448.110 as evidenced by its failure to compensate Plaintiff at the

statutory rate of one and half times Plaintiffs regular rate of pay for the hours worked in excess of forty (40) hours per week, when it knew, or should have known, such was, and is due.

69. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiffs rights under Florida Statutes 448.110.

70. Due to the intentional, willful, and lawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

71. Plaintiff is entitled to an award of reasonable attorney's fees and cost pursuant to Florida Statutes 448.110.

**WHEREFORE** Plaintiff respectfully request that judgment be entered against Defendant for:

    a. Declaring, pursuant to Florida Statutes 448.110, that the acts and practices complained of herein are in violation of the maximum hour provision of FLSA; b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiffs time worked in excess of forty (40) hours per work week:

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expense of the litigation pursuant to Florida Statutes 448.110;

    e. Awarding Plaintiff pre-judgment interest; and

    f. Ordering any other further relief the court deems just and proper.

### COUNT VI - UNJUST ENRICHMENT/ QUANTUM MERUIT

72. The Plaintiff re-alleges the allegations contained in paragraphs 1 through 70, as if fully set forth herein.

73. Plaintiff conferred a benefit on Defendant of unpaid work by coercion and deception, and unfair wages being told by Defendant's management that he was not entitled to overtime pay.

74. The Defendant had actual knowledge of the benefit, by setting out the Plaintiffs schedule.

75. Defendant received the actual benefits of the unpaid labor.

76. Defendant's retention of the benefit under circumstances is inequitable.

77. As a direct and proximate cause of the Defendant's actions and omissions, the Plaintiff has been damaged.

78. Plaintiff has accrued legal fees and as such, is entitled to recoup said reasonable fees resulting from Defendant's bad act.

**WHEREFORE** the Plaintiff prays that this the Court enter judgment in his favor and against the Defendant and award damages, including compensatory and collateral damages, and reasonable costs, and any other relief deemed reasonable and necessary by the Court.

## COUNT VII - VIOLATION OF FLORIDA'S WHISTLE BLOWER ACT

79. The Plaintiff re-alleges the allegations contained in paragraphs 1 through 70, as if fully set forth herein.

80. This is an action pursuant to 448.103, Florida Statute (2017).

81. In and around Spring 2016, the Plaintiff complained to Defendant's manager Rae Wisdom about not being paid fairly and paid overtime.

82. Again, in and around August 2017, Plaintiff complained to Defendant's Manager Michael

Benholt, regarding his mistreatment visa vi his Caucasian counterparts.

83. As a result of Plaintiffs objections to Defendant's illegal conduct, Defendant retaliated against the Plaintiff by subjecting Plaintiff to unfair and disparate treatment in the workplace and ultimately terminating his employment under false pretenses.

**WHEREFORE** the Plaintiff prays that this the Court enter judgment in his favor and against the Defendant and award damages, including compensatory and collateral damages, and reasonable attorney's fees and reasonable costs, and any other relief deemed reasonable and necessary by the Court.

## DEMAND FOR JURY TRIAL

84. Plaintiff hereby requests a jury on all issues so triable.

Respectfully Submitted,

LAW OFFICE OF EARL M. JOHNSON JR. LLC

/s/ Earl M. Johnson Jr.
Earl M. Johnson, Jr., Esq.
Florida Bar No. 006040
PO Box 40091
Jacksonville, FL 32203
(904) 356-5252 Telephone
(904) 394-3288 Facsimile
jaxlawfl@aol.com

TRIAL ATTORNEYS FOR PLAINTIFF