UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GARRY HERVEY,

    Plaintiff,

v.

SUDDATH VAN LINES, INC.,
a Florida Profit Corporation,

and

SUDDATH GLOBAL LOGISTICS, LLC,

    Defendant.
_____/

CASE NO.: 3:18-cv-00996-MMH-JBT

## JOINT MOTION TO APPROVE FLSA SETTLEMENT AND TO DISMISS ACTION WITH PREJUDICE

COMES NOW, Plaintiff Garry Hervey, by and through his undersigned counsel, and Suddath Van Lines Inc. (SVL) and Suddath Global Logistics, LLC (SGL), by and through their undersigned counsel, and file this Joint Motion to Approve the Fair Labor Standards Act (FLSA) portion of the Settlement Agreement and to Dismiss Action with Prejudice. In support thereof, the parties state as follows:

1. On August 28, 2018, Plaintiff filed his Amended Complaint for Damages and Jury Trial, alleging that Defendants violated the Fair Labor Standards Act by failure to pay Plaintiff overtime, and that Defendant Suddath Van Lines, Inc.'s decision to terminate him constituted race discrimination in violation of 42 USC §1981, Title VII of the Civil Rights Act, 42 USC §2000(e) *et seq.* and the Florida Civil Rights Act, 760.01, Fla. Stat. (1992).

2. Defendants filed their Answer to the Amended Complaint and alleged that Plaintiff was not entitled to overtime for the most of the time while employed by Defendants since he was exempt as an administrative employee (29 USC §213(a)(1)) and that time spent "on call" while employed by SGL was not hours work, thus not compensable.

3. The parties then commenced discovery whereby both sides promulgated interrogatories and requests for production, and discovery responses were exchanged.

4. The parties participated in a mediation on April 4, 2019, before the Honorable Mattox S. Hair and the parties were able to settle all claims during the course of the mediation.

5. After competition of discovery and mediation, the parties agreed that Plaintiff was exempt from the FLSA overtime provisions as an administrative employee for most of his employment with Defendants and that the on call time was not compensable. They further agreed that after Plaintiff went from exempt to non-exempt while employed by SVL, he worked a minimal amount of overtime for which he did not receive overtime compensation.

6. The parties further agree that the overtime worked at SVL amounted to $1,800, with an additional $1,800 as liquidated damages, for a full recovery for the FLSA claim of $3,600.

7. The remainder of the settlement amount was attributed to attorneys' fees and the wrongful discharge claims.

8. Counsel experienced in litigating claims arising under the FLSA represented each of the parties.

9. The parties agreed that the settlement is fair and reasonable in all respects and was not the product of fraud or collusion.

10. Court approval is required of FLSA settlements. See 29 USC § 216; *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor,* 679 Fed 2d 1350 (11th Cir. 1982). Accordingly, the parties seek this Court's approval of the instant settlement.

## MEMORANDUM OF LAW

In accordance with *Lynn's Food,* the Court's review of the Parties' settlement agreement is to determine if it is "a fair and reasonable resolution of a *bona fide* dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of Plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-0r1-22JGG, 2007 U.S. Dist. LEXIS 10287 at*2-3 (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Id.*

As set forth in the Parties' Settlement Agreement attached as Exhibit "A", Defendants agreed to pay Plaintiff, and the Plaintiff agreed to accept, the following:

$1,800.00 as satisfaction of waged-based compensatory damages and $1,800.00 as satisfaction of liquidated damages and for a general release of all claims. The Parties submit to the Court that this is a fair and reasonable compromise of the issues in this case, all of which have been hotly contested.

In conclusion, based upon the facts and circumstances of this case, the parties jointly advise the Court that the amount Defendants have agreed to pay under the terms of the Parties' Agreement is a fair and reasonable settlement of a *bona fide* dispute. The Parties therefore respectfully submit that the Parties' Settlement should be approved by the Court consistent with precedent.

WHEREFORE, the Parties respectfully request that the Court finds the settlement fair and reasonable, and dismiss this action with prejudice.

Respectfully submitted this 23rd day of April, 2019.

By: __/s/ Earl M. Johnson, Jr.__
    Earl M. Johnson, Jr., Esq.
    Florida Bar No. 006040
    P.O. Box 40091
    Jacksonville, Florida 32203
    Phone: (904) 356-5252
    jaxlawfl@aol.com

    Attorney for Plaintiff

By: __/s/ William H. Andrews__
    William H. Andrews
    Florida Bar No. 0145660
    GRAY|ROBINSON, P.A.
    50 North Laura Street, Suite 1100
    Jacksonville, Florida 32202
    Phone: (904) 598-9929
    Fax: (904) 598-9109
    william.andrews@gray-robinson.com

    *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the Courts CM/ECF, and thereby served the following counsel accordingly: Earl M. Johnson, Jr., Esq., attorney for Plaintiff Garry Hervey, this 23rd day of April, 2019.

/s/ William H. Andrews
Attorney
